DRAKE, J.
|2A grand jury charged the defendant, Stacy T. LeBlanc, with distribution of a schedule II controlled dangerous substance (crack cocaine), a violation of La. R.S. 40:967(A)(1). (R. 21). The defendant pled not guilty. (R. 7). A jury found the defendant guilty as charged following a trial. (R.‘ 17). Subsequently, the trial court sentenced defendant to fifteen years at hard labor, with the first five years of that sentence to be served without the benefit of parole,' probation, or suspension of sentence. (R. 18). The defendant filed a motion to reconsider sentence, which the trial court denied. (R. 19). The defendant now appeals, alleging two assignments of error. The defendant first argues that his sentence is excessive; second, the defendant contends that the trial court should have investigated the defendant’s attorney-client relationship to determine if he should have been allowed to procure new counsel. For the following reasons, we affirm the defendant’s conviction, but we vacate his sentence and remand the matter to the trial court for resentencing.

FACTS

On September 9, 2010, Detective Gabrielle Price of the Assumption Parish Sheriffs Office was working undercover and patrolling La. Hwy. 808 in Belle Rose. Under the supervision of Sergeant Brandon Rivere and Captain B.J. Rock, Detective Price was attempting to make contact with street-level drug dealers in the Belle Rose area. (R. 116-17,134).
As Detective Price drove down La. Hwy. 308, she saw the defendant walking down the middle of the highway. Detective Price rolled down her window to ask the defendant if he knew where she could get a “20,” which is street slang for crack cocaine valued at $20.00. The defendant directed Detective Price to pull over down the road, which she did at the intersection of Bernard Lane and La. Hwy. 308. Detective Price observed as the defendant reachéd into his sock and appeared to retrieve something. The defendant met Detective Price at her car, |sasked her to step out of it, and placed a rock of suspected crack cocaine on the trunk. The defendant advised Detective Price to drop her money on the ground. When she complied, the defendant retrieved the money and began to walk away. This entire transaction was captured on video via several recording devices in Detective Price’s vehicle. Detective Price secured the presumed crack cocaine and; once inside her vehicle, placed it into a plastic baggy that she tagged with her initials and the amount that she paid. Detective Price met up with Sergeant Rivere, to whom she turned over the evidence. Subsequent analysis found the presumed contraband to contain 0.17 grams of cocaine. The defendant was later arrested and charged with distribution of cocaine.- (R. 113, 119, 123-24,137; Exhibit State-3).

REVIEW FOR ERROR

For errors not assigned, we are limited in our review under La. C.Cr.P. art. 920(2) to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See State v. Price, 05-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 123 (en banc), writ denied, 07-0130 (La.2/22/08), 976 So.2d 1277. After careful review, we have found a sentencing error.
For his conviction of distribution of cocaine, the defendant was sentenced to fifteen years at hard labor, with the first five years to be served without benefit of parole, probation, or suspension of sentence. *1190 However, the applicable sentencing provision provides that a defendant convicted of distribution of cocaine shall be sentenced to imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence.[1] See La. R.S. 40:967(B)(4)(b) (emphasis added). Therefore, the defendant’s sentence is illegal because it restricts the benefits of parole, probation, and suspension of sentence for a longer period pthan is allowable under the applicable statute. This illegal sentence is inherently prejudicial to the defendant.
The correction of this sentence requires the exercise of discretion. Had the trial court realized that the restriction of benefits on the defendant’s sentence only applied for the first two years of the defendant’s .sentence, it might have sentenced the defendant to a longer overall term of imprisonment. Therefore, under State v. Haynes, 04-1893 (La.12/10/04), 889 So.2d 224 (per curiam), we must vacate the defendant’s sentence and remand the matter to the trial court for resentencing. Because the defendant’s first assignment of error relates to his sentence, we pretermit discussion of that assigned error.

ATTORNEY-CLIENT RELATIONSHIP

In his second assignment of error, the defendant argues that the trial court abused its discretion in failing to explore whether his attorney-client relationship had deteriorated to such an extent that the appointment of new counsel was warranted.
At a court appearance on May 2, 2011, two days prior to trial, the following exchange took place:
[DEFENSE COUNSEL]
Your Honor, Mr. LeBlanc would like to address you.
THE DEFENDANT
Your Honor, I want to know if I could fire my lawyer and get another one because I don’t — she’s not coming back there. I don’t think she’s working out for the best interest of me. She don’t come back there and talk to me at all.
THE COURT
Mr. LeBlanc, when you have a court-appointed lawyer, we have lawyers that are assigned to each division. And if you want to hire a lawyer, that’s fine, but if we have a court-appointed lawyer, Ms. Southall is your lawyer.
[DEFENSE COUNSEL]
And may I say something? The record will back me up that I have seen him on several occasions. I’ve gone over all the discovery with him. He’s looked 1 Rat his video. I’ve looked at his video. We’re here for trial on Wednesday, so all of a sudden, he’s not satisfied.
THE DEFENDANT
Well, Your Honor, I mean, I don’t — I don’t have a problem with going to trial.
But I only seen you back there one time, and that’s when I asked to be — I saw you back there and I asked them to ask you to talk to me. Other than that, you haven’t came back there and talked to me at all.
[DEFENSE COUNSEL]
That’s not true.
THE DEFENDANT
Yes, it is. Only one time I — I saw — I talked to you at the jail.
[DEFENSE COUNSEL]
You can hire another lawyer.
*1191 THE COURT
The matter is set for trial on—
THE DEFENDANT
I don’t have the money to hire another one.
THE COURT
—Wednesday, 9 a.m.
(R. 188-89). This exchange is the sole indication of the defendant’s dissatisfaction with his trial attorney that is set forth in the record.
On appeal, the defendant contends that the trial court should have investigated further into the attorney-client relationship to determine whether he should have been appointed new counsel. The defendant characterizes his attorney’s actions at this hearing as “defensive,” and defense counsel herself as “frustrated.” While he does not argue that his counsel inadequately represented his interests at trial, the defendant does contend that his trial counsel failed to argue for leniency at his sentencing and that she offered only a “tepid” argument for a lesser sentence at the hearing on his motion for reconsideration of sentence. (Defense brief, p. 9).
|f,As a general proposition, a person accused in a criminal trial has the right to counsel of his choice. If a defendant is indigent, he has the right to court-appointed counsel. See La.C.Cr. P. arts. 511 and 513. An indigent defendant does not have the right to have a particular attorney appointed to represent him. An indigent’s right to choose his counsel only extends so far as to allow the accused to retain the attorney of his choice, if he can manage to do so, but that right is not absolute and cannot be manipulated so as to obstruct orderly procedure in courts and cannot be used to thwart the administration of justice. State v. Harper, 381 So.2d 468, 470-71 (La.1980). The trial court cannot be called upon to appoint counsel other than the one originally appointed merely to please the desires of the indigent accused in the absence of an adequate showing that the court-appointed attorney is inept or incompetent to represent the accused. State v. O’Neal, 501 So.2d 920, 928 (La.App. 2d Cir.), writ denied, 505 So.2d 1139 (La.1987).
The defendant has failed to make a showing that his court-appointed attorney was inept or incompetent to represent him. The trial court heard the defendant’s arguments prior to trial regarding his attorney’s alleged failure to consult with him, but implicitly determined that these arguments did not rise to the level of requiring further investigation. Further, a review of the record indicates that defense counsel vigorously cross-examined all of the state’s witnesses, including extensive attempts to attack the chain of custody of the evidence. Defense counsel also secured concessions from Detective Price that she did not actually see what the defendant retrieved from his sock and that the video alone did not provide evidence of a drug transaction. (R. 129-30). Though defense counsel did not make any express pleas for leniency at the time of the defendant’s sentencing, the defendant does not cite what arguments defense counsel might have made, especially considering that the trial court had the benefit of a 17presentence investigation report at the time of sentencing.[2] However, we do note that defense counsel submitted a written copy of the defendant’s background information, as the trial court requested. 0See fax included in PSI envelope.)
*1192 After a thorough review of the record, we find that the trial court did not err or abuse its discretion in failing to further investigate into the defendant’s attorney-client relationship to determine whether new counsel should have been appointed. The evidence against the defendant was straightforward, uncontroverted, and substantial. Despite that evidence, defense counsel performed competently and admirably in her representation of the defendant at trial.
This assignment of error is without merit.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. We note that a defendant may also be fined up to fifty thousand dollars, but the imposition of this fine is discretionary, as there is no minimum amount. See La. R.S. 40:967(B)(4)(b).

. 2 The trial court noted that defendant had a history of prior criminal activity, including prior drug offenses, and was on probation for distribution of drugs at the time of the instant offense. (R. 44, 180).