# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                          NO. 2021 KW 1140

VERSUS

FRANK WILLIAM BECKENDORF, III                    **NOVEMBER 29, 2021**

---

In Re:    Frank   William   Beckendorf,   III,   applying   for
          supervisory  writs,  22nd  Judicial  District  Court,
          Parish of St. Tammany, No. 1743-F-2021.

---

**BEFORE:    GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

    **WRIT DENIED.** Relator's unsubstantiated allegations are insufficient to adequately demonstrate that his court-appointed counsel is incompetent to represent him. The trial court cannot be called upon to appoint counsel other than the one originally appointed merely to please the desires of the indigent accused in the absence of an adequate showing that the court-appointed attorney is inept or incompetent to represent the accused. **State v. LeBlanc,** 2014-1455 (La. App. 1st Cir. 6/5/15), 174 So.3d 1187, 1191.

GH
WRC

    **Guidry, J.,** dissents and would grant the writ application. While I recognize that an indigent defendant does not have the right to have a particular attorney appointed to represent him, **State v. Chester,** 2009-1019 (La. 2/10/10), 27 So.3d 837, 838, the right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. I would, therefore, vacate the trial court's ruling denying relator's "Motion to Fire and Report Ineffective Counsel and Motion for Conflict Attorney" and remand this matter to the trial court to conduct an evidentiary hearing on the allegations in the motion.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT