*838
 
 PER CURIAM.
 

 |, Granted in part; case remanded. In his original application to this Court, relator sought review of the district court’s order denying his motion to discharge pro bono and appointed counsel for more diligent counsel to pursue post-conviction proceedings initiated in 2001 after this Court affirmed his conviction for first degree murder and sentence of death.
 
 State v. Chester,
 
 97-2790 (La.12/1/98), 724 So.2d 1276. We find no error in that ruling insofar as the court applied settled jurisprudence that an indigent defendant does not have the right to have a particular attorney appointed to represent him.
 
 State v. Harper,
 
 381 So.2d 468, 470 (La.1980);
 
 State v. Rideau,
 
 278 So.2d 100, 103 (La.1973).
 

 However, relator subsequently filed in this Court a motion to waive counsel altogether and to represent himself during post-conviction proceedings in the district court. Relator did not file his motion in the district court and this Court is not in a position to rule on it in the first instance. We note that in principle, while an indigent |2inmate on death row has a statutory right to appointed counsel to pursue post-conviction relief “if appropriate,” La. R.S. 15:178, he may knowingly and intelligently waive that purely statutory right, just as he may waive statutory post-conviction remedies altogether.
 
 Whitmore v. Arkansas,
 
 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990);
 
 cf. Murray v. Giarratano,
 
 492 U.S. 1, 10-11, 109 S.Ct. 2765, 2770-71, 106 L.Ed.2d 1 (1989)(“State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal - direct appeal is the primary avenue for review of capital cases as well as other sentences [and a state] may quite sensibly decide to concentrate the resources it devotes to providing attorneys for capital defendants at the trial and appellate states of a capital proceeding.”);
 
 Cf.
 
 28 U.S.C. § 2261(c)(2)(states may satisfy the “opt in” provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 by providing a mechanism for appointment of counsel in capital post-conviction proceedings generally and specifically in a given case for a court order appointing counsel or finding “after a hearing if necessary, that the prisoner rejected the offer of counsel and made the decision with an understanding of its legal consequences.”);
 
 Durocher v. Singletary,
 
 623 So.2d 482, 483 (Fla.1993)(“Competent defendants have
 
 *839
 
 the constitutional right to refuse professional counsel and to represent themselves, or not, if they so choose.... If the right to representation can be waived at trial, we see no reason why the statutory right to collateral counsel [pursuing post-conviction remedies] cannot also be waived [in a capital ease].”)(citing
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)(a defendant has the constitutional right to represent himself at trial if he makes a knowing and intelligent waiver of his Sixth Amendment right to counsel).
 

 | ¡Accordingly, this case is remanded to the district court with directions to consider relator’s request to discharge counsel and to represent himself during post-conviction proceedings, ie., whether relator maintains his desire to represent himself and does so knowingly and intelligently with the understanding of the legal consequences of such a decision, and to determine the status of his original and supplemental applications filed in 2001 which apparently remain pending.
 
 [1]
 

 KIMBALL, C.J., not participating.
 

 VICTORY, J., would deny the application.
 

 [1]
 

 . In its order denying relator’s request to discharge his present counsel and to obtain new and more diligent counsel, the district court observed that relator’s application for post-conviction relief had been denied on July 31, 2001. However, from our review of the record, it appears that the judgment of July 31, 2001 pertains not to relator’s application but to the application for post-conviction relief filed by his co-defendant, Mr. Ratcliff, who was tried separately and convicted of second degree murder.
 
 See State v. Ratcliff,
 
 98-0101 (La.App. 5th Cir.2/23/99), 731 So.2d 356. It further appears that shortly after the district court denied Ratcliff’s application, the state filed its answer and procedural objections to relator’s original application and that relator then filed an amending supplemental application. No further action relator's case appears to have occurred before he filed his motion to discharge counsel in 2009. Thus, it seems that relator’s applications remain pending in the district court.