# Illinois Official Reports

## Appellate Court

---

**People v. Harrison, 2018 IL App (3d) 150419**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE HARRISON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0419 |
| Filed | April 20, 2018 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 13-CF-158; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and David T. Harris, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Lawrence M. Bauer, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices Holdridge and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Willie Harrison, appeals from the third-stage dismissal of his postconviction petition. He argues that his waiver of postconviction counsel was invalid because the trial court failed to admonish him pursuant to *Faretta v. California*, 422 U.S. 806 (1975). We affirm.

¶ 2                                    FACTS

¶ 3    In August 2013, pursuant to a fully negotiated guilty plea, the court sentenced defendant to 16 years' imprisonment for the unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2012)). Although the offense itself is a Class 1 felony, defendant's criminal history required a Class X sentence.

¶ 4    In September 2013, defendant filed a timely motion to withdraw his guilty plea and vacate his sentence. Subsequently, he voluntarily dismissed this motion.

¶ 5    In August 2014, defendant filed a *pro se* postconviction petition raising various claims of ineffective assistance of trial counsel. The trial court appointed postconviction counsel to represent defendant on his petition.

¶ 6    At an April 2015 hearing, postconviction counsel informed the trial court that defendant wished to proceed *pro se* on his petition. The court then addressed defendant stating, "This is a crucial stage of your proceedings in post conviction, and I need to know why you think you are capable of handling the complex issues in a post conviction proceeding." Defendant responded that he had been asking postconviction counsel "to do stuff" for seven months but counsel told him he was unable to get in contact with the witnesses defendant asked him to seek out. Counsel then informed the court that defendant "is seeking to have another person admit that the drugs that were found that he was charged with and that he pled guilty to were in fact another person's," but that counsel had spoken with the two people defendant asked him to contact and neither knew where "Mr. Finny" was. Defendant next informed the court that he wished to represent himself on his claims of ineffective assistance of trial counsel because his trial attorney, whose performance he was attacking, was postconviction counsel's boss. The court then announced it would let defendant proceed *pro se*.

¶ 7    At the June 2015 evidentiary hearing, defendant questioned his trial counsel on the stand. Following arguments, the trial court denied the postconviction petition, finding that defendant failed to meet his burden of showing trial counsel's performance was ineffective.

¶ 8    This appeal followed.

¶ 9                                  ANALYSIS

¶ 10   Defendant argues that the trial court's failure to properly admonish him pursuant to *Faretta*, 422 U.S. 806, rendered his waiver of postconviction counsel invalid. Defendant also asserts that "[a]dmonishments regarding the potential punishment, required by [Illinois Supreme Court] Rule 401(a) [(eff. July 1, 1984),] in the trial context, should likewise be required in post[ ]conviction proceedings where the defendant faces the possibility of a new trial."

¶ 11   We begin by noting that a postconviction petitioner has a right to represent himself in postconviction proceedings. *People v. Heard*, 2014 IL App (4th) 120833, ¶ 10 (citing 725

ILCS 5/122-4 (West 2010)). In fact, a court must accept a defendant's knowing and intelligent request to proceed *pro se* provided that the waiver is clear and unequivocal, not ambiguous. *People v. Baez*, 241 Ill. 2d 44, 115-116 (2011) (citing *Faretta*, 422 U.S. at 835, and *People v. Burton*, 184 Ill. 2d 1, 21 (1998)). In determining whether a defendant has intelligently waived his right to counsel, a court must consider the particular facts and circumstances of defendant's case, including his background, experience, and conduct. *People v. Lego*, 168 Ill. 2d 561, 564-65 (1995). We review a trial court's decision regarding a defendant's waiver of his right to counsel for an abuse of discretion. *Baez*, 241 Ill. 2d at 116. An abuse of discretion exists only where the ruling is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000). On the other hand, issues regarding a trial court's compliance with Rule 401(a) involve questions of law that we review *de novo*. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006).

¶ 12 Essentially, defendant's contention on appeal is that his waiver of postconviction counsel was not intelligent because the court did not conduct a *Faretta*-type inquiry prior to accepting his waiver. In *Faretta*, the United States Supreme Court declared that in order for a defendant to "competently and intelligently *** choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). This is true because "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.*

¶ 13 Defendant recognizes *Faretta* involved the waiver of a defendant's sixth amendment right to counsel at trial rather than the statutory right to counsel at issue here. Nonetheless, he cites this court's decision in *People v. Lesley*, 2017 IL App (3d) 140793, *appeal allowed*, No. 122100 (Ill. Sept. 27, 2017), for the proposition that there is "no distinction between waivers of a statutory right to counsel and a constitutional right to counsel." The issue in *Lesley* concerned a defendant's waiver of postconviction counsel due to misconduct. Specifically, the defendant in that case refused to cooperate with his appointed postconviction counsel, swore at counsel numerous times, and told him he was "fired." *Id.* ¶ 6. After repeated status hearings where it was evident defendant refused to cooperate with his counsel, the trial court allowed counsel to withdraw. *Id.* ¶ 10. Defendant then represented himself *pro se* at the evidentiary hearing after which the trial court denied his postconviction petition. *Id.* ¶ 13. On appeal, a divided court held that, in the context of a waiver by conduct, a trial court must comply with Rule 401(a) requirements by explaining to the defendant what is at stake if his conduct continues. *Id.* ¶ 20. Because the trial court in *Lesley* failed to warn the defendant he would lose his right to appointed counsel if his misconduct toward counsel continued, the majority declined to construe the defendant's failure to cooperate with appointed counsel as a knowing waiver of his right to postconviction counsel. *Id.* ¶ 21. Specifically, the majority noted that defendant's conduct, while inappropriate, was not so severe that no warning was necessary or foreseeable and that under the facts presented, a warning would have been appropriate. *Id.* ¶ 25.

¶ 14 Unlike *Lesley*, the instant case does not concern a waiver of postconviction counsel due to defendant's conduct. Rather, defendant here specifically requested to represent himself in the postconviction proceedings, and thus, clearly understood he would represent himself

going forward if the trial court granted his request. *Lesley*, even if affirmed by our supreme court, is inapposite.

¶ 15　　Defendant next directs our attention to *Durocher v. Singletary*, 623 So. 2d 482, 485 (Fla. 1993), and *State v. Chester*, 2009-1019, pp. 2-3 (La. 2/10/10); 27 So. 3d 837, two out-of-state supreme court cases which found *Faretta*-type admonishments were required when postconviction petitioners who had been sentenced to death sought to waive their statutory right to counsel. In *Durocher*, the defendant was sentenced to death three times after pleading guilty to the murders of his former girlfriend and her two children. *Durocher*, 623 So. 2d at 483. Thereafter, a "capital collateral representative" (CCR), who was appointed to represent the defendant pursuant to a Florida statute created to provide for the representation of indigent defendants sentenced to death, filed a petition for writ of *habeas corpus* on the defendant's behalf, even though defendant had told CCR "no less than 20 times" not to file anything on his behalf. *Id.* at 482-84. The defendant expressed his wishes that his death sentences be appealed no further and that the court deny the petition filed by CCR. *Id.* at 484. While the Florida Supreme Court opined that the defendant "presents every indication that he is knowingly, intelligently, and voluntarily waiving his right to collateral proceedings through his adamant refusal to allow CCR to represent him," it also recognized the State's "obligation to assure that the waiver of collateral counsel is knowing, intelligent, and voluntary." *Id.* at 484-85. Accordingly, the court directed the trial judge to conduct a *Faretta*-type inquiry of the defendant to ensure that he understood the consequences of waiving collateral counsel and proceedings. *Id.* at 485. In his specially concurring opinion, Chief Justice Barkett wrote separately to emphasize that additional safeguards, such as *Faretta*-type inquiries, are essential in collateral proceedings "when an inmate sentenced to death expresses the desire to waive legal representation." *Id.* at 485-86 (Barkett, C.J., specially concurring).

¶ 16　　In *Chester*, the defendant, who had been convicted of murder and was sentenced to death, filed a motion with the Louisiana Supreme Court to waive counsel and represent himself during postconviction proceedings in the district court. *Chester*, 2009-1019, at 1. The defendant had not filed the motion in the district court, however, so the supreme court was not in a position to rule on the motion. *Id.* Instead, the court noted "in principle" that while an indigent death row inmate has a statutory right to appointed counsel, "he may knowingly and intelligently waive that purely statutory right, just as he may waive statutory post[ ]conviction remedies altogether." *Id.* at 1-2. After citing *Durocher* and *Faretta*, the court remanded to the district court with directions that it consider whether the defendant knowingly and intelligently understood the consequences of his decision to proceed *pro se*. *Id.* at 2-3.

¶ 17　　Initially, we note that the decisions of other states are not binding on this court. *People v. Sullivan*, 366 Ill. App. 3d 770, 781 (2006). Nonetheless, *Durocher* and *Chester* are distinguishable on the grounds that those cases involved the waiver of postconviction counsel in capital cases. Here, defendant's *pro se* representation in his postconviction proceedings—regardless of the quality of his performance or the trial court's ultimate decision to grant or deny the petition—will not result in his death at the State's hands. Moreover, as noted, we review a trial court's decision to allow a petitioner to proceed *pro se* for an abuse of discretion. *Baez*, 241 Ill. 2d at 116. Based on our review of the record and the relevant authority, we find that neither the provisions of the Post-Conviction Hearing Act

(725 ILCS 5/122-1 to 122-7 (West 2012)), nor the facts of this case warrant the adoption of a *per se* rule requiring *Faretta*-type admonishments to be given every time a postconviction petitioner chooses to represent himself in the proceedings. The record here clearly shows defendant did not wish to be represented by appointed counsel on his postconviction issues. The court conducted a limited inquiry. The trial court's decision to allow him to do so was neither arbitrary, fanciful, nor unreasonable.

¶ 18 Finally, we reject defendant's contention to the extent that he asserts admonishments similar to those required in the trial context pursuant to Rule 401(a) should be required in postconviction proceedings where the possibility of a new trial exists. Rule 401(a) provides that prior to accepting a defendant's waiver of trial counsel, it must ensure the defendant understands (1) the nature of the charge, (2) the minimum and maximum sentence for the offense, and (3) that the defendant has a right to be represented by counsel and, if indigent, to have counsel appointed for him. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). In *People v. Young*, 341 Ill. App. 3d 379, 387 (2003), the Fourth District held that Rule 401(a) admonishments were not required prior to a postconviction petitioner, who had already been convicted of the offense and sentenced, waiving his right to counsel since he "already knew everything a Rule 401(a) admonishment would have told him." In his reply brief, petitioner cites *People v. Bahrs*, 2013 IL App (4th) 110903, in support of his contention that *Young*'s logic is flawed since Rule "401(a) still applies to those who seek to waive counsel for post[ ]trial proceedings following a conviction." We note, however, the defendant in *Bahrs* dismissed his appointed counsel prior to his sentencing hearing, not in postconviction proceedings following the imposition of his sentence. Thus, in *Bahrs*, a sentencing admonishment, as provided by Rule 401(a), was applicable. Here, as in *Young*, defendant had already been convicted and sentenced and, thus, knew all that Rule 401(a) admonishments would have told him. Furthermore, we fail to see any prejudice to defendant where, as here, the trial court denied his postconviction petition. There will be no new trial or sentencing.

¶ 19                                                    CONCLUSION
¶ 20 For the foregoing reasons, we affirm the judgment of circuit court of La Salle County.

¶ 21 Affirmed.