2021 IL App (1st) 182582-U

No. 1-18-2582

Order filed March 23, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 13186 |
| | ) | |
| EUGENE WRIGHT, | ) | Honorable |
| | ) | Shelly Sutker-Dermer |
| Defendant-Appellant. | ) | and Timothy Chambers, |
| | ) | Judges, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Second stage dismissal of defendant's *pro* se postconviction petition is affirmed over his contention that the circuit court did not ensure his waiver of appointed postconviction counsel was knowing and intelligent.

¶ 2    Defendant Eugene Wright appeals from the circuit court's order granting the State's amended motion to dismiss his *pro se* postconviction petition for relief from judgment under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal,

defendant argues the circuit court improperly permitted him to waive his appointed postconviction counsel and proceed *pro se* without ensuring a knowing and intelligent waiver of his statutory right to counsel. For the following reasons, we affirm.

¶ 3     Following a jury trial at which defendant appeared *pro se*, defendant was found guilty of armed robbery and sentenced to 50 years' imprisonment. On direct appeal, we reversed and remanded, finding the trial court failed to accurately admonish him regarding his sentence under Illinois Supreme Court Rule 401(a) before allowing him to waive his right to counsel, rendering his waiver unknowing and involuntary. *People v. Wright*, 2015 IL App (1st) 123496. The supreme court reversed that finding and affirmed defendant's conviction, concluding defendant's waiver of counsel was made freely, knowingly, and intelligently, and the trial court substantially complied with the Rule 401(a) admonishments. *People v. Wright*, 2017 IL 119561.

¶ 4     On November 9, 2017, defendant filed a *pro se* postconviction petition. In February 2018, defendant filed a motion for substitution of judge, arguing he would not receive a fair trial if his postconviction petition proceeded before the same judge who presided over his trial. Following argument, the court denied the motion.

¶ 5     At a hearing on March 16, 2018, at which defendant was not present, the judge who presided over defendant's earlier trial proceedings presided. It stated it intended to appoint the public defender to represent defendant if defendant "was willing to accept them." The court noted that, "as tough as postconvictions are," defendant's would be "even harder" because defendant was *pro se* at trial and, thus, could not plead ineffective assistance of counsel. As defendant had a "straight uphill fight," the court wanted to appoint the public defender to represent him. On April 20, 2018, without defendant present, the court appointed the public defender.

¶ 6    At a hearing on June 29, 2018, at which defendant was not present, the State informed the court that it received a letter dated April 18, 2018, from defendant indicating that he was proceeding *pro se* and requesting to be brought to court. Noting defendant had filed "hundreds of pages of handwritten motions," the court ordered he be brought to court to determine what he intended.

¶ 7    On August 10, 2018, another judge presided over the hearing on defendant's request to proceed *pro se*. The assistant public defender informed the court defendant wished to proceed *pro se*. The court asked defendant if he sent a letter to the State indicating he did not want representation on his postconviction petition, and defendant responded, "I'm good." The court asked if that meant he did not want to be represented, and defendant said he did not want a public defender and "never asked for the assistance of counsel."[1] The assistant public defender agreed that defendant did not request the appointment of her office. The court again asked if defendant did not want an attorney to represent him in postconviction proceedings, and defendant stated he did not.

¶ 8    The following colloquy occurred:

"THE COURT: Do you understand that Judge Chambers may have appointed one anyway in this case? Do you understand that he did that? Do you understand that you're telling me now that you are going to ask me to let this attorney withdraw; is that what you're asking?

THE DEFENDANT: I don't know why she's here, but yes.

_____

[1]In fact, defendant filed a motion requesting leave to proceed *in forma pauperis* and for appointment of counsel with his postconviction petition.

THE COURT: So you wish to represent yourself and you understand what that means. No one is going to try this for you. This is a very complicated area of law. It's complicated for lawyers.

THE DEFENDANT: I understand all that. I'm good.

THE COURT: I have to do all that on the record, even though you don't want to and even though you're clear, I have to make sure no one is forcing you in any way to give up your right –

* * *

The record is I have to know that you're doing this knowingly and voluntarily. That will make me comfortable with allowing them to withdraw. Do you understand that you're giving up the right to have an attorney appointed to represent you?

THE DEFENDANT: Yes.

THE COURT: Has anyone forced you in any way to give up this right?

THE DEFENDANT: No.

THE COURT: Are you on any kind of medication?

THE DEFENDANT: Never, no.

THE COURT: So you understand you'll be held to the standard of an attorney if you proceed on this [*pro se*] motion yourself?

THE DEFENDANT: Okay.

THE COURT: Seems to me that he understands. How far did you go in school?

THE DEFENDANT: College.

THE COURT: And you did represent yourself at the trial.

THE DEFENDANT: Yes.

THE COURT: Seems to me that he understands that he has that right and is giving it up. I'm going to allow you to withdraw."

¶ 9        On August 17, 2018, before the original judge, the assistant public defender informed the court that defendant's motion to represent himself had been granted and the court's order appointing the public defender had been vacated because defendant had not requested counsel. The court asked defendant how he would like to proceed, and defendant answered, "How I've always proceeded. I will be re[pre]senting myself." The court stated that it would allow defendant to proceed *pro se*. Defendant requested copies of documents in the case at bar and another case. The court discussed the specifics of what defendant needed and then ordered he be provided with the copies. Defendant presented the court with an amended *pro se* postconviction petition and requested that it supersede his original petition.

¶ 10        Defendant submitted additional pages and exhibits for his amended petition in September 2018.

¶ 11        The State filed a motion to dismiss the postconviction petition in October 2018. On November 2, 2018, it filed an amended motion to dismiss defendant's amended petition. That same day, defendant filed a *pro se* reply to the State's motion and was granted leave to file an amended reply addressing the State's amended motion to dismiss.

¶ 12        On December 7, 2018, defendant presented the circuit court with his amended reply.[2] After argument, the court granted the State's motion to dismiss. Defendant timely appealed.[3]

---

[2]Defendant's amended reply is not included in the record on appeal.
[3]Defendant had earlier filed a premature notice of appeal from the "denial" of his postconviction petition on April 24, 2018, before the court heard the petition.

¶ 13    On appeal, defendant argues the circuit court improperly permitted him to waive his appointed postconviction counsel and proceed *pro se* without ensuring a knowing and intelligent waiver of his statutory right to counsel.[4] He concedes the court established his waiver was voluntary but argues the court's admonishments were inadequate to ensure he understood the risks of waiver.

¶ 14    The Act outlines a three-stage process for a criminal defendant to challenge a conviction by alleging it was the result of a substantial denial of a constitutional right. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, the circuit court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). If the petition is not dismissed at the first stage, it advances to the second stage, at which point the court may appoint counsel to represent an indigent defendant, and counsel may amend the petition. *People v. Hommerson*, 2014 IL 115638, ¶¶ 7-8. The State may then file a motion to dismiss the petition. *Id.* ¶ 8. If the State does not file a motion to dismiss, or if the court denies the State's motion, the petition proceeds to the third stage, where the court conducts an evidentiary hearing on the petition's merits. *Id.*

¶ 15    "[T]he intent of the Act is that, in the second and third stage postconviction proceedings, defendants are afforded the advantages of representation." *People v. Lesley*, 2018 IL 122100, ¶ 33. However, there is no constitutional right to assistance of counsel during postconviction proceedings. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Instead, "[t]he right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is

---

[4]Defendant does not challenge the circuit court's dismissal of the petition. Therefore, defendant has waived any argument regarding the petition's merits. See *People v. Lewis*, 2017 IL App (1st) 150070, ¶ 9.

guaranteed only the level of assistance provided by the *** Act, " which our supreme court has determined is a "reasonable" level. (Internal quotation marks omitted.) *Id.*

¶ 16    Further, a defendant has a right to proceed *pro se* in postconviction proceedings. See 725 ILCS 5/122-4 (West 2018) ("If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him."). A defendant's waiver of his statutory right to postconviction counsel must be "voluntary, knowing, and intelligent." *Lesley*, 2018 IL 122100, ¶ 50. "The requirement of a knowing and intelligent choice calls for nothing less than a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* ¶ 51. Whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances of each case, including the background, experience, and conduct of the defendant. *Id.* We look to the entire record to determine whether the waiver of counsel was knowingly and understandingly made. *Id.* We review a circuit court's determination for an abuse of discretion. *People v. Gray*, 2013 IL App (1st) 101064, ¶ 23.

¶ 17    We find that the circuit court did not abuse its discretion in allowing defendant to waive his right to appointed postconviction counsel. We need not belabor whether defendant's waiver was voluntary. Defendant concedes it was. Indeed, defendant mailed a letter to the State stating that he was proceeding *pro se*, repeatedly confirmed in hearings before different judges that he did not want counsel and wanted to proceed *pro se*, and informed the court no one forced him to relinquish his right to representation and that he was not on medication.

¶ 18    Further, the record as a whole demonstrates his waiver of counsel was knowing and intelligent. The court informed defendant that postconviction law is "very complicated," even for

lawyers, and that defendant would be held to the same standard as an attorney, and defendant plainly stated that he understood. Thus, defendant was fully apprised that he was delving into a difficult area of the law in which he might benefit from the assistance of counsel, yet he consistently denied such assistance. Defendant told the court he attended college and represented himself at trial, both of which indicate his intelligence and ability to understand the repercussions of representing himself in postconviction proceedings. The fact that he lost at trial demonstrates he was well aware of the dangers of self-representation.

¶ 19    Defendant's *pro se* conduct of the trial, where he *inter alia* filed and argued "hundreds of pages" of motions, conducted *voir dire*, and cross-examined witnesses, demonstrates his legal sophistication and experience. See *People v. Black*, 2011 IL App (5th) 080089, ¶ 20 ("a defendant may be seen as possessing a degree of knowledge or sophistication that excuses the lack of admonition"). Similarly, his postconviction petition, amendments thereto, responses addressing the State's motions to dismiss, and argument on the motions demonstrate his legal sophistication and experience. See *id.* Based on this record, defendant's waiver of counsel was knowing and intelligent. The circuit court did not abuse its discretion in allowing defendant to proceed *pro se* as he wanted.

¶ 20    Still, defendant contends the circuit court's "vague and perfunctory" warnings were inadequate to determine whether defendant knowingly and intelligently waived his right to counsel. He points out that, despite the court's recognition that defendant faced an "uphill fight" in representing himself on the postconviction petition, it allowed him to proceed *pro se* without informing him of the court's concerns. Defendant asserts the circuit court failed to properly admonish him as a knowing and intelligent waiver required, "[a]t a minimum," that the court

ensure defendant understood he was relinquishing the right to have postconviction counsel perform the duties described in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). He argues the court should have informed defendant that, under Rule 651(c), counsel would examine the record, consult with defendant to ascertain his claims, and amend his petition as necessary, among other things.

¶ 21    Defendant cites no authority for the proposition that, before allowing a defendant to proceed *pro se* on a postconviction petition, the circuit court must specifically admonish the defendant regarding the duties postconviction counsel would perform at the second stage of proceedings, *i.e.*, the nature of the rights the defendant was giving up by proceeding *pro se*. We have found no such authority. *In re Addison R.,* 2013 IL App (2d) 121318, ¶ 31 (argument raised on appeal not supported by citation to relevant authority is forfeited). In fact, our supreme court rejected a similar argument in *Lesley*, in which the defendant was found to have knowingly and intelligently waived postconviction counsel by his conduct. See *Lesley*, 2018 IL 122100, ¶¶ 56-60 (rejecting the defendant's unsupported argument that the circuit court was required to admonish him regarding the advantages of representation of counsel and the dangers and pitfalls of representing himself in postconviction proceedings before finding waiver of counsel by conduct). Accordingly, the trial court was not required to inform defendant of the specifics of Rule 651(c). See *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (finding that a defendant's waiver is ordinarily considered knowing, intelligent, and sufficiently aware if he fully understands the nature of the right and how it would likely apply in general in the circumstance, even if he may not know the specific detailed consequences of invoking it).

¶ 22    "The requirement of a knowing and intelligent choice calls for nothing less than a full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it." *Lesley*, 2018 IL 122100, ¶ 51. The circuit court's admonishments properly confirmed defendant here understood the nature of his right to counsel and how it applied in general circumstances, and defendant was fully aware of the possible consequences of his decision to abandon his right to postconviction counsel as he had represented himself at trial and lost.

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24    Affirmed.