2023 IL App (4th) 220300

NO. 4-22-0300

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 14, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| PATRICK V. BAKATURSKI, | ) | No. 06CF78 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Cavanagh and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In March 2007, defendant, Patrick V. Bakaturski, pled guilty to two counts of

attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2006)). In 2016, defendant

filed a *pro se* postconviction petition. The trial court advanced the petition to second-stage

proceedings and appointed counsel. Defendant moved to waive counsel and proceed *pro se*. The

court denied the motion, finding waiver of counsel was not in defendant's best interest. The

appellate court vacated with directions for the trial court to conduct a hearing on defendant's

motion and determine whether defendant knowingly and intelligently waived his right to

counsel. *People v. Bakaturski*, 2020 IL App (3d) 180015-U¸ ¶ 30.

¶ 2        On remand, the trial court held a hearing and determined defendant's waiver of

counsel was knowing and intelligent. The court ultimately dismissed the petition. Defendant

appeals, arguing the court incorrectly admonished him concerning the risks of self-representation. Thus, he seeks a remand for new second-stage post-conviction proceedings. We determine defendant's waiver of counsel was knowing, voluntary, and intelligent. Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant pled guilty to two counts of attempted first degree murder under a partial plea agreement. The trial court sentenced defendant to consecutive sentences of 10 years' and 30 years' incarceration. The record shows the court admonished defendant of the potential maximum sentences of the charges at his arraignment and at the plea hearing. On direct appeal, defendant argued his sentence was excessive, and the appellate court affirmed. *People v. Bakaturski*, 406 Ill. App. 3d 1176 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        On May 26, 2016, defendant filed a "Late *Pro Se* Post-Conviction Petition," seeking to vacate his plea, which the trial court advanced to the second stage of postconviction proceedings. Defendant filed a motion for the appointment of counsel other than the public defender's office. The court appointed the public defender as defendant's counsel.

¶ 6        On March 13, 2017, defendant filed a *pro se* pleading titled "Motion to Remove Counsel, Hold Kraincal [*sic*] Hearing, Replace Counsel, set guidelines for Effective Post-Conviction Counsel, and/or Defendant will proceed as a *pro se* Defendant." Defendant alleged postconviction counsel refused to speak to him or allow him to take part in his own defense. The trial court reassigned the matter to a different judge, and postconviction counsel filed a motion to withdraw, alleging defendant's postconviction claims were meritless. The State

filed a motion to dismiss the petition, and defendant filed *pro se* responses to postconviction counsel's motion and the State's motion to dismiss.

¶ 7     At a status hearing on November 17, 2017, postconviction counsel advised the trial court defendant did not object to counsel withdrawing and defendant proceeding *pro se*. The court asked the State for its position on defendant representing himself. The State opined it would be best for defendant to be represented in the interest of protecting the record, protecting defendant's rights, and preventing the proceedings from being delayed or overly confusing. The State argued defendant had not filed a motion to represent himself and would need to do so.

¶ 8     Defendant began addressing some of his claims. The State noted defendant seemed to be confused as to the rules that applied to the proceeding, which indicated representing himself would not be a good choice. Defendant replied: "Well, if [postconviction counsel] withdraws, regardless, I'm going to be *pro se*. Regardless, I'm going to have to defend myself if he is allowed to withdraw." Postconviction counsel noted his motion to withdraw was based on his view defendant's claims were frivolous. Postconviction counsel reiterated defendant wanted him to withdraw and stated he was willing to do so if the trial court would allow it. The court stated it believed it was good for defendant to be represented because it appeared the claims raised in one of his *pro se* motions had no applicability to the proceedings.

¶ 9     On November 28, 2017, defendant filed a motion to proceed as a self-represented litigant. After a hearing, the trial court denied defendant's motion to represent himself on the basis it was not in defendant's best interest. The court reasoned defendant "desperately need[ed] some counsel" and postconviction counsel was the only one familiar enough with the case to provide it to him. The court did not address whether defendant was seeking to waive counsel

knowingly, voluntarily, and intelligently. The court later granted postconviction counsel's motion to withdraw and the State's motion to dismiss. Defendant appealed.

¶ 10       On appeal, the appellate court found, if defendant's request to proceed *pro se* was knowing and voluntary, the trial court should have allowed it. Because the trial court did not make such a determination, the appellate court vacated the trial court's judgment and remanded the matter for a hearing on the issue. *Bakaturski*, 2020 IL App (3d) 180015-U.

¶ 11       On remand before a new judge, defendant told the trial court he wanted to represent himself. The court admonished defendant as follows:

> "Normally I would advise you of what the pending charges are and the minimum and maximum sentencing range for same, but this is a different stage and animal of proceeding, so there's already conviction and sentence on file, and a post-conviction proceeding has been initiated by you. So the worst that can happen to you in this case is that your post-conviction petition is denied, and the sentence imposed remains in place. The best that can happen to you is that your post-conviction petition is granted and that some form of relief is given to you depending on what's requested and what might be applicable. So with that said, do you understand that you have right to an attorney if you can't afford one, but that you also have right to refuse that; is that correct?"

¶ 12       Defendant responded, "Your Honor, I understand my rights, and I understand I'm waiving the right to counsel." The following colloquy then occurred:

> "THE COURT: Okay. Is this your free, full and voluntary decision?
>
> [DEFENDANT]: Yes.
>
> THE COURT: Is anybody pressuring you to do this?

[DEFENDANT]: No.

THE COURT: Has anybody promised you anything in order to represent yourself?

[DEFENDANT]: No.

THE COURT: Do you know that as general rule as referenced in detail in the earlier proceedings, but I still have to tell you about it, that it's generally unwise for person to represent themselves against an experienced attorney on the other side?

[DEFENDANT]: Yes, your Honor.

THE COURT: And the reason for that is legal training, prior experience in the law, and the type of law involved in the case, and that's why people say it's probably not good decision; you at least understand that advice?

[DEFENDANT]: Yes, I do.

THE COURT: And do you understand also that by representing yourself you're taking on the burden of an attorney's job as layperson, and that you would never be able to complain about an attorney's ineffective assistance of counsel because by definition you would not have an attorney because you're representing yourself; understood?

[DEFENDANT]: Yes, I understand.

THE COURT: And because you're representing yourself at this point, there is no promise or guarantee that if you ever ask for an attorney down the road you will be granted one; do you understand?

[DEFENDANT]: Yes, I understand.

THE COURT: And you also know that as a judge in the case I'm not supposed to represent either side in the case, so you should not expect legal assistance from the Court; do you understand?

[DEFENDANT]: Yes, I do.

THE COURT: With all that said, do you still want to represent yourself?

[DEFENDANT]: Yes, your Honor."

¶ 13 The trial court found defendant's waiver of counsel knowing and understanding. Defendant filed multiple pleadings, motions, and legal documents in the matter and presented various written legal arguments. Ultimately, the court granted the State's motion to dismiss.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On appeal, defendant contends his waiver of post-conviction counsel was invalid because it was the result of incomplete and erroneous admonitions by the trial court. In particular, he argues the court failed to inform him of the duties of postconviction counsel and failed to tell him of the danger of a longer sentence should he be successful and able to withdraw his plea.

¶ 17 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The adjudication of a postconviction petition follows a three-stage process. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615. During the second and third stages of postconviction proceedings,

defendants have a statutory right to counsel. *People v. Lesley*, 2018 IL 122100, ¶ 33, 123 N.E.3d 1060.

¶ 18 "Commensurate with Illinois's statutory right to appointed counsel in postconviction proceedings is a defendant's ability to waive that right, so long as the defendant's waiver is voluntary, knowing, and intelligent." *Id.* ¶ 50. "[A] court must accept a defendant's knowing and intelligent request to proceed *pro se* provided that the waiver is clear and unequivocal, not ambiguous." *People v. Harrison*, 2018 IL App (3d) 150419, ¶ 11, 115 N.E.3d 239. When determining whether a defendant has intelligently waived his or her right to counsel, a court must consider the particular facts and circumstances of the defendant's case, including his or her background, experience, and conduct. *Id.*

¶ 19 Whether the trial court properly admonished the defendant presents a question of law we review *de novo*. See *People v. Washington*, 2016 IL App (1st) 131198, ¶ 50, 64 N.E.3d 28 (citing *People v. Pike*, 2016 IL App (1st) 122626, ¶ 114, 53 N.E.3d 147). However, the court's ultimate finding of a valid waiver of counsel is reviewed for an abuse of discretion. *Pike*, 2016 IL App (1st) 122626, ¶ 114.

¶ 20 Defendant first argues his waiver of counsel was not voluntary, knowing, and intelligent because the trial court incorrectly admonished him. He notes the court told him "the worst that can happen to you in this case is that your post-conviction petition is denied, and the sentence imposed remains in place." Defendant then argues the admonition was incorrect because "it would be far worse if [defendant's] plea were to be withdrawn and his 40-year sentence vacated, and he were to be subsequently convicted and given a longer sentence closer to the maximum of 60 years or more with firearms enhancements." We disagree the court was required to give defendant such an admonishment.

¶ 21          The trial court correctly told defendant, if his postconviction petition was denied, his sentence would remain in place. The court then correctly told defendant, if his postconviction petition was granted, some form of relief would be given depending on what was requested and what might be applicable. Defendant's argument would essentially require the court to go a step further and admonish him of the minimum and maximum possible sentence as provided by Illinois Supreme Court Rule 401 (eff. July 1, 1984), which is applicable when a defendant waives counsel before trial. However, this court has held Rule 401 does not apply to postconviction proceedings. *People v. Jones*, 2021 IL App (4th) 190542-U, ¶ 25.

¶ 22          Rule 401 admonishments are not required in postconviction proceedings because a person who has already been convicted and sentenced would already know everything the Rule 401 admonishment would have told them. See *Harrison*, 2018 IL App (3d) 150419, ¶ 18; *Jones*, 2021 IL App (4th) 190542-U, ¶ 28. Here, defendant was admonished of the maximum potential sentences for his crimes at his arraignment and plea hearings. Given that Rule 401 admonitions were not required and nothing in the record indicates defendant was unaware of the term he would face should he be allowed to withdraw his plea, the trial court was not required to admonish defendant based on speculative or hypothetical possibilities arising from defendant's choice to collaterally attack his conviction.

¶ 23          Defendant next argues the trial court failed to admonish defendant of postconviction counsel's duties under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For example, he argues the court should have informed him, under Rule 651(c), counsel would examine the record, consult with defendant to ascertain his claims, and amend his petition as necessary. This argument has also been rejected by the appellate court. *People v. Wright*, 2021

IL App (1st) 182582-U, ¶ 21; see *People v. Peters*, 2022 IL App (2d) 210365-U, ¶¶ 23-24 (citing *Harrison*, 2018 IL App (3d) 150419, ¶ 17).

¶ 24        Defendant cites no authority for the proposition that, before allowing a defendant to proceed *pro se* in postconviction proceedings, the trial court must specifically admonish the defendant regarding the duties postconviction counsel would perform at the second stage of proceedings. In fact, our supreme court has rejected a similar argument where the defendant was found to have knowingly and intelligently waived postconviction counsel by his conduct. See *Lesley*, 2018 IL 122100, ¶¶ 56-60 (rejecting the defendant's unsupported argument the court was required to admonish him regarding the advantages of representation of counsel and the dangers and pitfalls of representing himself in postconviction proceedings before finding waiver of counsel by conduct). Accordingly, we hold the court was not required to inform defendant of the specifics of Rule 651(c). See *Wright*, 2021 IL App (1st) 182582-U, ¶ 21.

¶ 25        The requirement of a knowing and intelligent choice calls for a full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it. *Lesley*, 2018 IL 122100, ¶ 51. Here, the trial court's admonishments were proper, and the court confirmed defendant understood the nature of his right to counsel and how it applied to his general circumstances. Defendant expressly requested to proceed *pro se* and told the court multiple times he understood the right he was waiving. Defendant did not vacillate on his request for self-representation, and he filed numerous documents and made legal arguments following his waiver of counsel illustrating his understanding of the process. Thus, the record demonstrates the court sufficiently admonished defendant and did not abuse its discretion in finding defendant's waiver of counsel was voluntarily, knowingly, and intelligently made.

¶ 26                                III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.

*People v. Bakaturski*, 2023 IL App (4th) 220300

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 06-CF-78; the Hon. Paul P. Gilfillan, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Stephen L. Gentry, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kevin E. Johnson, State's Attorney, of Pekin (Patrick Delfino, David J. Robinson, and Rosario David Escalera Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |