NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241231-U

NO. 4-24-1231

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 27, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| PATRICK V. BAKATURSKI, | ) | No. 06CF78 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Cavanagh concurred in the judgment.

**ORDER**

¶ 1　*Held*: The appellate court granted the motion to withdraw as appellate counsel and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2　Defendant, Patrick V. Bakaturski, appeals from the trial court's denial of his motion to withdraw his guilty plea. The court appointed the Office of the State Appellate Defender (OSAD) to represent him on appeal.

¶ 3　OSAD now moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384, 385 (1967), contending any argument challenging the trial court's denial of his motion to withdraw his guilty plea would lack merit. Defendant was provided with a copy of the *Anders* motion. He filed a response with this court on April 16, 2025. For the following reasons, we grant OSAD's motion to withdraw and affirm the court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5         The facts and procedural history of this case have been examined at length in

three separate appeals. See *People v. Bakaturski*, 2023 IL App (4th) 220300; *People v.

Bakaturski*, 2020 IL App (3d) 180015-U; *People v. Bakaturski*, No. 3-08-0663 (2010) (table)

(unpublished order under Illinois Supreme Court Rule 23). Accordingly, we discuss only those

facts necessary to resolve the issue presented in the instant appeal.

¶ 6         In March 2007, defendant pleaded guilty to two counts of attempted first degree

murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2006)) pursuant to a partial plea agreement.

¶ 7         In June 2007, the trial court sentenced defendant to consecutive terms of 10 years'

and 30 years' imprisonment. After imposing the sentence, the court advised defendant of his

right to appeal. The court admonished defendant before he took his appeal, he would be required

to file a motion to withdraw his guilty plea and vacate his sentence if he wished to challenge his

plea. If he wished to challenge his sentence, he needed to file a motion to reconsider his

sentence. The court explained either motion needed to be filed within 30 days. The court further

advised defendant if the motion was denied, he would have 30 days from the denial to file his

notice of appeal.

¶ 8         In September 2007, defense counsel filed a motion to withdraw defendant's guilty

plea and a motion to reconsider his sentence. In October 2007, defendant filed a *pro se* "motion

to withdraw guilty plea and reduce sentence." In February 2008, defendant's new counsel

withdrew the motions to withdraw his guilty plea. Following a May 2008 hearing, the trial court

denied defendant's motion to reconsider his sentence. Defendant appealed.

¶ 9         On direct appeal, defendant argued his sentence was excessive, and the appellate

court affirmed. *Bakaturski*, No. 3-08-0663 (2010) (table) (unpublished order under Illinois

Supreme Court Rule 23).

¶ 10            In May 2016, defendant filed a "Late—*Pro Se* Post-Conviction Petition," seeking

to vacate his guilty plea. The trial court advanced the petition to the second stage of

postconviction proceedings and appointed the public defender to represent defendant. In March

2017, defendant filed a motion to proceed as a self-represented litigant, which the court denied.

Postconviction counsel subsequently filed a motion to withdraw, asserting defendant's

postconviction claims were meritless. In May 2017, the State filed a motion to dismiss the

petition. In January 2018, the court granted postconviction counsel's motion to withdraw and the

State's motion to dismiss.

¶ 11            Defendant appealed, and the appellate court vacated the trial court's judgment and

remanded for the court to conduct a hearing on defendant's motion to proceed *pro se* and for

further second-stage proceedings. *Bakaturski*, 2020 IL App (3d) 180015-U, ¶ 29. On remand

before a new judge, defendant requested to represent himself. The court found defendant's

waiver of counsel was knowing and voluntary. In December 2021, defendant filed an

"amendment to late-post conviction petition." In February 2022, the State filed a motion to

dismiss the amended petition. In April 2022, the court granted the State's motion, and defendant

appealed.

¶ 12            On appeal, defendant argued his waiver of postconviction counsel was invalid due

to erroneous admonishments, and the appellate court affirmed. *Bakaturski*, 2023 IL App (4th)

220300, ¶¶ 16, 27.

¶ 13            In April 2024, defendant filed a *pro se* "motion to withdraw guilty plea and vacate

sentence." The State filed a response, arguing the motion was untimely and the trial court thus

lacked jurisdiction to address the motion.

¶ 14　　　　　In May 2024, the trial court appointed counsel to represent defendant on his motion. Defendant subsequently filed a *pro se* reply to the State's motion.

¶ 15　　　　　In July 2024, defense counsel filed an Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) certificate, stating (1) he had consulted with defendant to ascertain his contentions of error in the sentence and guilty plea, (2) he had examined the trial court file and report of proceedings of the guilty plea and sentencing hearings, and (3) no amendments were necessary for an adequate presentation of defendant's contentions.

¶ 16　　　　　In September 2024, the trial court held a hearing on defendant's motion. Following the arguments of the parties, the court denied the motion as untimely and found it lacked jurisdiction, as the motion was filed past the 30-day deadline.

¶ 17　　　　　This appeal followed.

¶ 18　　　　　　　　　　　　　　II. ANALYSIS

¶ 19　　　　　OSAD contends this case presents no potentially meritorious issues for review. Specifically, OSAD argues this court is without jurisdiction to address the merits of defendant's appeal because (1) he failed to file a timely motion to withdraw his guilty plea in the trial court and (2) the admonition exception to Rule 604(d) does not apply in this case. After examining the record on appeal, the motion to withdraw, OSAD's brief in support of its motion, and defendant's response, we agree this appeal presents no arguably meritorious issues. We therefore grant the motion to withdraw and affirm the court's judgment.

¶ 20　　　　　As an initial matter, we must address whether OSAD's brief complies with our supreme court rules. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) provides, in pertinent part, the appellant's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with

- 4 -

appropriate reference to the pages of the record on appeal." This rule requires citations to the record because "it is not our duty to search the record for material upon which to base a reversal." *Farwell Construction Co. v. Ticktin*, 84 Ill. App. 3d 791, 802 (1980). "This court may strike a statement of facts when the improprieties hinder our review." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 9. However, "[w]here violations of supreme court rules are not so flagrant as to hinder or preclude review," the court may, in its discretion, decline to strike the noncompliant portion of the brief. *Merrifield v. Illinois State Police Merit Board*, 294 Ill. App. 3d 520, 527 (1998).

¶ 21        In this case, OSAD's brief does not comply with Rule 341(h)6). Although the brief contains record citations throughout its statement of facts, most of the citations do not correspond with the proper pages of the record. However, because the issues on appeal are relatively simple, OSAD's violation has not interfered with our ability to review the case or understand its *Anders* brief. Nonetheless, we admonish OSAD to accurately cite the pages of the record relied upon. We also remind OSAD it is within the authority of this court to strike briefs that do not comply with supreme court rules.

¶ 22        We now turn to OSAD's arguments in its *Anders* brief. First, OSAD asserts the trial court properly denied defendant's motion to withdraw his guilty plea as untimely, as the motion was filed after the 30-day deadline to file such a motion. Rule 604(d) provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court ***, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

If the 30-day period lapses without the defendant filing a Rule 604(d) motion or obtaining an extension of time, "the trial court is divested of jurisdiction to entertain a defendant's motion to vacate the judgment." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). Consequently, the failure to file a timely Rule 604(d) motion limits the reviewing court to consider the issue of jurisdiction below (*People v. Bailey*, 2014 IL 115459, ¶ 29) and precludes consideration of the appeal on the merits. *Flowers*, 208 Ill. 2d at 301.

¶ 23　　　　In this case, defendant indisputably filed an untimely motion to withdraw his guilty plea—almost 17 years after the trial court imposed the sentence and well past the 30-day limitation pursuant to Rule 604(d). As such, the court correctly concluded it lacked jurisdiction to consider defendant's untimely motion.

¶ 24　　　　Second, OSAD contends the admonition exception to Rule 604(d) is inapplicable in this case. Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) requires the trial court to admonish defendants, "at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal." *Flowers*, 208 Ill. 2d at 301. When the court fails to provide the Rule 605 admonitions and the defendant files a timely notice of appeal *without* first filing a postplea motion, the appellate court must remand to the trial court for strict compliance with Rule 604(d). *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 42 (2011). However, "[t]he admonition exception cannot restore jurisdiction to the [trial] court after 30 days from entry of judgment." *Id.*

¶ 25　　　　We agree with OSAD the admonition exception is inapplicable here. Indeed, this is not a case where the defendant mistakenly filed a timely notice of appeal without first filing a Rule 604(d) motion in the trial court. Rather, defendant *did* file a motion to withdraw his guilty plea and vacate his sentence, albeit almost 17 years after the imposition of his sentence. Because

the trial court lacked jurisdiction to address defendant's belated motion, this court is similarly without authority to apply the admonition exception. Therefore, we agree no meritorious argument could be raised challenging the trial court's denial of defendant's untimely motion to withdraw his guilty plea.

¶ 26                                    III. CONCLUSION

¶ 27         For the reasons stated, we affirm the trial court's judgment.

¶ 28         Affirmed.