2022 IL App (2d) 210365-U
No. 2-21-0365
Order filed November 30, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14 CF 939 |
| SCOTT PETERS, | ) ) ) | Honorable Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Brennan and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The defendant entered a knowing, intelligent, and voluntary waiver of his right to postconviction counsel. The circuit court properly dismissed the defendant's postconviction petition at the second stage.

¶ 2   The defendant, Scott Peters, appeals from the dismissal of his postconviction petition at the second stage. The defendant argues that the trial court erred in failing to properly admonish him about the dangers of self-representation. The defendant also argues that the trial court erred in dismissing his postconviction petition before ruling on the merits of his requests for postconviction discovery and before he had an opportunity to amend his petition. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4     On November 6, 2014, the defendant was charged with six counts of attempted first-degree murder (720 ILCS 5/9-1(a)(1), (b)(1), 8-4(a) (West 2014)) for shooting at three McHenry County deputy sheriffs. He was also charged with two counts of aggravated battery (*id.* § 12-3.05(e)(2)(i)) and five counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(3)).

¶ 5     Following a jury trial in 2015, the defendant was convicted of the attempted murder (720 ILCS 5/9-1(a)(1), (b)(1), 8-4(a) (West 2014)) of the deputy sheriffs and was sentenced to a total of 135 years' imprisonment. On direct appeal, we affirmed the defendant's conviction and sentence. See *People v. Peters*, 2018 IL App (2d) 150650. On July 14, 2017, while his direct appeal was pending, the defendant filed a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), arguing that his conviction was the result of fraud, misrepresentation, and suppression of evidence. On October 4, 2017, the trial court dismissed the defendant's petition *sua sponte* in a written order. On appeal, we affirmed the dismissal. See *People v. Peters*, 2020 IL App (2d) 170857-U.

¶ 6     On June 8, 2020, the defendant filed a *pro se* postconviction petition under the Postconviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), raising various claims of ineffective assistance of counsel of both trial and appellate counsel, and arguing that his constitutional rights were violated by the trial court's misconduct and abuse of discretion. On August 12, 2020, the trial court docketed the petition and advanced it to the second stage. On September 14, 2020, the defendant filed a motion for removal or withdrawal of counsel and for self-representation. As a result of the Covid-19 pandemic, proceedings were delayed on the defendant's motion for self-representation.

¶ 7    On November 6, 2020, the State filed a motion to dismiss, arguing that the defendant's claims were barred by waiver, forfeiture, or *res judicata*, that the defendant's affidavit was not notarized, and that he failed to support any claims for ineffective assistance of counsel.

¶ 8    At a November 20, 2020, hearing, the trial court addressed the defendant's motion for self-representation. The trial court noted that the defendant could proceed *pro se* as long as he was aware of his right to appointed counsel and was knowingly and voluntarily willing to abandon that right. Thereafter, the trial court asked the defendant twice whether he wished to proceed *pro se* and the defendant responded affirmatively both times. The trial court then admonished the defendant that, under the Act, once the public defender was removed the defendant was giving up his right to counsel and that he would not have the opportunity to later request special counsel or a public defender. The defendant explained to the trial court why he felt that the public defender could not adequately represent him. The trial court found that the defendant was freely and voluntarily giving up his right to counsel and granted the defendant's motion for self-representation.

¶ 9    On December 10, 2020, the defendant filed two motions for issuance of subpoena *duces tecum*. In the first, the defendant requested that the State produce reports, documents, electronically stored information, objects, or tangible things concerning the "removal for cause" of Attorney Michael Combs from the McHenry County State's Attorney's office. In the second, the defendant sought to have the public defender's office provide his trial file to him, including a detailed list of the file's contents.

¶ 10    At a December 11, 2020, hearing, the trial court ordered the State to send the defendant a copy of its motion to dismiss. The trial court noted that the defendant had filed motions to issue subpoenas to the State and the public defender's office. The trial court ordered the State to respond

to those motions within seven days. The trial court then addressed whether the defendant had received his case files. The defendant stated that he had received files from the public defender's office but that there was no list of the contents and it came with numerous DVD's which he was not allowed to have in jail and was not able to review. The defendant said he needed a court order to view the DVDs. The trial court thus entered an order to that effect.

¶ 11    On December 17, 2020, the defendant filed four more motions seeking the issuance of subpoenas *duces tecum*. The subpoenas were directed to Anne Majewski, M.D., the former coroner for McHenry County, Coral Drzewiecki, an investigator for the public defender's office, Michelle Asplund, a McHenry County sheriff's detective, and Ryan Hoven, a McHenry County sheriff's deputy. The subpoenas sought the *curricula vitae* of the named individuals as well as reports, documents, materials, electronically stored information, objects, or tangible things related to his case.

¶ 12    At a January 20, 2021, hearing, the trial court denied the State's motion to dismiss the defendant's petition to the extent it was based on the argument that the affidavits attached to the petition were not notarized. The trial court found that the affidavits attached to the defendant's motion were sufficiently sworn statements.

¶ 13    On March 6, 2021, the trial court inquired as to the defendant's success in accessing the prison law library to prepare a response to the State's motion to dismiss "so that we can move your post-conviction petition forward." The defendant stated that his response was about 65% complete and that he could be done with it in about three weeks. The trial court gave the defendant a March 26, 2021, target date to have his response complete, ordered the State to file a reply within 21 days of receiving the response, and stated that the goal was to set the matter for a hearing in May. The defendant stated that this was agreeable to him.

¶ 14    On March 31, 2021, the defendant filed a 65-page response to the State's motion to dismiss. Numerous exhibits were attached. At an April 6, 2021, hearing, the trial court acknowledged that the defendant had filed his response to the State's motion to dismiss. The trial court explained that the purpose of the State's motion to dismiss was to determine what claims were sufficient to warrant an evidentiary hearing. The trial court also explained that there was a limited right to discovery in postconviction proceedings and the scope of the discovery should be related to what issues were ultimately advanced to a third stage evidentiary hearing.

¶ 15    On May 6, 2021, the trial court ruled on the defendant's motions for subpoenas that were filed on December 10, 2020. The trial court granted the defendant's request for any documents related to a removal for cause of Attorney Combs. The subpoena for the public defender's office was denied on the basis that the entirety of the defendant's trial file had already been provided to the defendant.

¶ 16    On May 17, 2021, the trial court heard argument on the motion to dismiss. Following argument, where the defendant was allowed to speak uninterrupted at length, the trial court stated that it would take the motion under advisement. The trial court then heard argument on the defendant's December 17, 2020, motions for subpoenas. The State argued that the defendant had not shown good cause for his discovery requests. The defendant stated that he needed the subpoenas to get evidence should he "get an adverse ruling" on his postconviction petition. The defendant acknowledged that the trial court had been "more than fair" throughout the proceedings on his postconviction petition. The trial court stated that it would issue a decision on the discovery requests in conjunction with its ruling on the motion to dismiss.

¶ 17    On June 7, 2021, the trial court entered a 12-page written order summarizing the defendant's postconviction claims and addressing their legal sufficiency. The trial court found

that the issues raised in the defendant's postconviction petition did not warrant relief under the Act. The trial court granted the State's motion to dismiss and further ordered that the dismissal rendered the defendant's requests for discovery to be moot. This timely appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19      The defendant's first contention on appeal is that he did not enter a knowing, intelligent, and voluntary waiver of his right to counsel. The defendant argues that the trial court erred in failing to admonish him of the consequences of self-representation or of any of the dangers or disadvantages in waiving counsel. He asserts that the matter should be remanded for reappointment of counsel and new second stage proceedings.

¶ 20      "The Act provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial." *People v. Shipp*, 2020 IL App (2d) 190027, ¶ 26. The Act provides for three separate stages of postconviction proceedings. *Id.* At the first stage, the trial court independently reviews the defendant's postconviction petition and, if the court finds that "the petition is frivolous is patently without merit," the court must dismiss the petition. *Id.* (citing 725 ILCS 5/122-2.1(a)(2) (West 2020)).

¶ 21      If the petition is not dismissed it advances to the second stage. *People v. Domagala*, 2013 IL 113688, ¶ 35. At the second stage, the court shall appoint counsel for an indigent defendant upon his or her request. 725 ILCS 5/122-4 (West 2018). The State may answer the petition or move to dismiss it. *Id.* § 122-5. The question at the second stage of proceedings is whether the allegations of the petition, taken as true unless positively rebutted by the record, and the attached supporting materials make a substantial showing of a constitutional violation. *Domagala*, 2013 IL 113688, ¶¶ 33, 35. If the petition makes such a showing, it advances to a third-stage evidentiary hearing. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). The dismissal of a postconviction

petition without an evidentiary hearing is reviewed *de novo*. *People v. Hall*, 217 Ill. 2d 324, 334 (2005).

¶ 22 There is no constitutional right to assistance of counsel during postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, it is the Act that affords indigent defendants the advantages of representation in the second and third stages of postconviction proceedings. *People v. Lesley*, 2018 IL 122100, ¶ 33 (citing 725 ILCS 5/122-4 (West 2012)). Under the Act, a postconviction petitioner is entitled to "reasonable" assistance. *Id.* However, "a defendant has a right to proceed *pro se* in postconviction proceedings." *Id.* To do so, "[a] defendant must 'knowingly and intelligently relinquish his right to counsel,' and his waiver 'must be clear and unequivocal, not ambiguous.' " *Id.* (quoting *People v. Baez*, 241 Ill. 2d 44, 115-16 (2011)). A knowing and intelligent waiver requires "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* ¶ 51. A trial court's decision allowing a defendant to proceed *pro se* is reviewed for an abuse of discretion. *Baez*, 241 Ill. 2d at 116. An abuse of discretion exists only where the ruling is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

¶ 23 In the present case, the defendant argues that his waiver of counsel was not voluntary, knowing, and intelligent because the trial court did not warn him of the specific complications of proceeding *pro se* in postconviction proceedings or explain what appointed counsel normally does during second stage proceedings. A similar argument was rejected in *People v. Harrison*, 2018 IL App (3d) 150419.

¶ 24 In *Harrison*, the defendant's postconviction petition was advanced to the second stage. *Id.* ¶ 5. At a hearing, the defendant informed the trial court that he wished to proceed *pro se*.

*Id.* ¶ 6. When the trial court asked the defendant why he believed he could handle the complex issues in a postconviction proceeding, the defendant stated that postconviction counsel was not responsive to his requests and that trial counsel, whose performance he was attacking, was postconviction counsel's boss. *Id.* The trial court allowed the defendant's request to proceed *pro se*. *Id.* On appeal from the denial of his postconviction petition, the defendant argued that his waiver of postconviction counsel was invalid because the trial court did not admonish him regarding the dangers and disadvantages of self-representation. *Id.* ¶ 12. The reviewing court held that neither case law nor the Act required such extensive admonishments and that the trial court's limited inquiry was sufficient. *Id.* ¶ 17.

¶ 25     As in *Harrison*, the trial court here was not required to admonish the defendant about the disadvantages of self-representation. *Id.* Further, there is no authority for the proposition that the trial court must admonish the defendant regarding the duties postconviction counsel would perform at the second stage of proceedings. In this case, the defendant expressly requested to proceed *pro se* and the trial court explained that his waiver of counsel had to be voluntary, knowing, and intelligent. The trial court asked the defendant twice whether he wished to proceed *pro se* and the defendant responded affirmatively both times. The trial court then explained that the defendant had a right to appointed counsel and that, if he waived that right, he would not be able to make a subsequent request for appointed counsel later in the proceedings. The defendant stated that no one from McHenry County could adequately represent him. The defendant did not vacillate on his request for self-representation. The record thus demonstrates that the trial court sufficiently addressed the motion for waiver of postconviction counsel and did not abuse its discretion in finding that the waiver was voluntary, knowing, and intelligent.

¶ 26    In so ruling, we note that the defendant cites *People v. Lesley*, 2018 IL 122100, ¶ 51, for the proposition that a knowing, voluntary, and intelligent waiver of counsel requires "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." The defendant asserts that *Harrison* would have been decided differently had it been considered after our supreme court's decision in *Lesley*. Not only is this pure speculation, no court has interpreted *Lesley*, which involved waiver of postconviction counsel due to the defendant's conduct, to mean that a trial court must admonish a defendant regarding the duties postconviction counsel would perform at the second stage of proceedings or otherwise elaborate on any complications specific to self-representation in postconviction proceedings.

¶ 27    The defendant's second contention on appeal is that the trial court erred in granting the State's motion to dismiss before the defendant had an opportunity to complete review of his record and trial file, before resolving his motions for discovery, and before he had an opportunity to amend his petition. We find these arguments to be without merit.

¶ 28    The record does not support the defendant's contention that he was not given adequate time to review the record and appropriately respond to the State's motion to dismiss. The record defendant received a majority of the trial record in December 2020 and he was sent the final portion of his trial record in January 2021. At the next couple of hearings, the trial court repeatedly inquired as to the defendant's ability to access the prison law library to work on his response to the motion to dismiss. On March 5, 2021, the defendant stated that he was 65% complete with his response. When the trial court asked the defendant if he could be done with his response at the end of March, the defendant agreed that he could be. The defendant did not thereafter indicate that he needed additional time to review the trial file or work on his response. Rather, on March 31, 2021, the defendant filed a 65-page response to the motion to dismiss accompanied by

numerous exhibits. The record thus demonstrates the defendant had sufficient time to respond to the State's motion to dismiss.

¶ 29    The defendant also argues that the trial court erred in not ruling on his requests for discovery and thereafter allowing him time to amend his complaint. However, the defendant never asked to amend his complaint either before or during the hearing on the State's motion to dismiss. Further, the defendant never argued that the discovery was needed to support the claims in his petition or that he needed the discovery to file an amended complaint. He stated only that the discovery was relevant for future proceedings if he received an "adverse ruling" on his postconviction petition. Moreover, the defendant does not argue on appeal how any of the specific discovery he was requesting could have benefitted him in terms of filing an amended postconviction petition. Accordingly, while we agree that postconviction discovery is not limited to third stage proceedings, the defendant's arguments fail to establish any error in this case.

¶ 30    In so ruling, we note that the defendant cites *People v. Dixon*, 2019 IL App (1st) 160443, to support the proposition that the trial court should have addressed his discovery requests, allowed discovery where he was able to show good cause, and given him an opportunity to amend his complaint. In *Dixon*, the defendant sought to acquire trial counsel's trial file. *Id.* ¶ 28. On appeal, the reviewing court reversed the trial court's denial of this request. *Id.* ¶¶ 28, 34. The reviewing court explained that the record showed that, prior to the *Dixon* defendant's waiver of postconviction counsel, counsel had reviewed the trial file and had agreed to raise one claim of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. *Id.* ¶ 34. The reviewing court thus noted that the request to review the trial file was not a fishing expedition as it clearly contained information relevant to the *Dixon* defendant's postconviction

petition. *Id.* The *Dixon* court reversed the dismissal of the defendant's postconviction petition and remanded for further second stage proceedings. *Id.* ¶ 55.

¶ 31 In the present case, unlike *Dixon*, the defendant is not seeking his trial file. The record indicates that the defendant received his entire trial file. Also, unlike *Dixon*, the defendant has not established that any of the discovery he was seeking was relevant to the claims he raised in his postconviction petition. See *People v. Johnson*, 205 Ill. 2d 381, 408 (2002) (one of the factors to consider, in determining whether the defendant has shown good cause for his discovery request, is how the discovery would relate to the issues presented in his postconviction petition). It is well settled that postconviction discovery is inappropriate where the request amounts to little more than a "fishing expedition." *People v. Hickey*, 204 Ill. 2d 585, 598 (2001). As such, the defendant has failed to establish that the trial court erred in failing to rule on the merits of his discovery requests prior to granting the State's motion to dismiss his petition.

¶ 32                                  III. CONCLUSION

¶ 33 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 34 Affirmed.