2024 IL App (2d) 230116-U
No. 2-23-0116
Order filed April 23, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-939 |
| SCOTT PETERS, | ) ) ) | Honorable Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly denied the defendant's petition for leave to file a successive postconviction petition and his petition for leave to file a second amended successive postconviction petition.

¶ 2    The defendant, Scott Peters, appeals *pro se* from the trial court's denial of his petitions for leave to file a successive postconviction petition and to file a second amended successive postconviction petition.  We affirm.

¶ 3                                  I. BACKGROUND

¶ 4    On November 6, 2014, the defendant was charged with six counts of attempted first-degree murder (720 ILCS 5/9-1(a)(1), (b)(1), 8-4(a) (West 2014)) for shooting at three McHenry County deputy sheriffs. He was also charged with two counts of aggravated battery (*id.* § 12-3.05(e)(2)(i)) and five counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(3)).

¶ 5    Following a jury trial in 2015, the defendant was convicted of the attempted murder (720 ILCS 5/9-1(a)(1), (b)(1), 8-4(a) (West 2014)) of the deputy sheriffs and was sentenced to a total of 135 years' imprisonment. On direct appeal, we affirmed the defendant's conviction and sentence. See *People v. Peters*, 2018 IL App (2d) 150650. On July 14, 2017, while his direct appeal was pending, the defendant filed a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), arguing that his conviction was the result of fraud, misrepresentation, and suppression of evidence. On October 4, 2017, the trial court dismissed the defendant's petition *sua sponte* in a written order. On appeal, we affirmed the dismissal. See *People v. Peters*, 2020 IL App (2d) 170857-U.

¶ 6    On June 8, 2020, the defendant filed a *pro se* postconviction petition under the Postconviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), raising several claims of ineffective assistance of both trial and appellate counsel, and alleging various violations of his constitutional rights. The trial court docketed the petition and advanced it to the second stage. The State filed a motion to dismiss the petition. The defendant moved to proceed *pro se*, and the trial court granted the motion. On June 7, 2021, following a hearing, the trial court entered a 12-page written order summarizing the defendant's postconviction claims and addressing their legal sufficiency. The trial court found that the issues raised in the defendant's postconviction petition did not warrant relief under the Act and thus granted the State's motion. On appeal, we affirmed the dismissal. See *People v. Peters*, 2022 IL App (2d) 210365-U.

¶ 7 On March 14 and July 6, 2022, the defendant filed petitions to hold the clerk of the circuit court in contempt for failing to provide him with relevant portions of this case's record in violation of court orders. On August 30, 2022, following a hearing, the trial court explained that the allegations were not sufficient to establish direct criminal contempt but appointed a special prosecutor to determine if the clerk of the court could be found in indirect criminal contempt. At a later hearing, the special prosecutor stated that, after an investigation, he determined that there was no basis to charge the clerk with indirect criminal contempt and dismissed the petition. The trial court explained to the defendant that it was required to accept the recommendation of the prosecutor.

¶ 8 On October 3, 2022, the defendant filed a petition for leave to file a successive postconviction petition under section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2020)), a memorandum of law in support, and the proposed successive petition with supporting exhibits. The defendant asserted a claim of actual innocence and argued that there was good cause for not raising his claims sooner, namely, that all those involved in his prosecution were guilty of misconduct by concealing relevant witnesses, evidence, and information. He asserted that this official misconduct was a violation of his right to equal protection and due process of law. He argued that facts in support of the official misconduct were not available to him at the time he filed his postconviction petition.

¶ 9 In support, the defendant attached 19 exhibits. The exhibits included various *pro se* letters, documents, and filings. For example, the first document was a 2018 *pro se* handwritten civil lawsuit with the defendant as the plaintiff and various McHenry County officials as the defendants, alleging that the officials were withholding relevant information related to his 2015 criminal conviction. There is no indication that this suit was actually filed.

¶ 10    The attached evidence also included material that referenced court cases involving Louis Bianchi, the McHenry County State's Attorney at the time of the defendant's prosecution. For example, the defendant included evidence of a 2012 case against Bianchi for retaliatory discharge by an employee that was terminated after he cooperated with an investigation of Bianchi's alleged misconduct in office. *Chrzanowski v. Bianchi*, 122 F.Supp.3d 755 (N.D. Ill. 2015). Another one of the exhibits showed that Bianchi had been charged with misconduct in managing the State's Attorney's Office, but he was acquitted on all charges in 2011. *Bianchi v. McQueen*, No. 12-cv-00364, 2014 WL 700628, at *3-4 (N.D. Ill. 2014).

¶ 11    There was also a September 2020 internal memo and newspaper article concerning the dismissal for cause of one of the assistant state's attorneys that prosecuted the defendant, Michael Combs. Combs was terminated from his position because he acted on behalf of an acquaintance to secure her release after she was picked up by McHenry County deputies on a Cook County warrant. The newspaper article referenced two other cases that Combs had prosecuted in his position as McHenry County assistant state's attorney. The defendant included excerpts from those two cases—*Smith v. Brookhart*, 996 F.3d 402, 408 (7th Cir. 2021) (underlying case *People v. Smith*, 2013 IL App (2d) 120508-U) and *People v. Casciaro*, 2015 IL App (2d) 131291.

¶ 12    In the *Casciaro* excerpt, a witness testified that another witness (Shane Lamb) had stated that his statements were the result of coaching by Combs. The witness acknowledged, however, that he did not believe that Combs had coached Lamb. *Casciaro*, 2015 IL App (2d) 131291, ¶ 68. In the *Brookhart* excerpt, a co-defendant-witness originally stated that Smith fired the gun that killed the victim but, on cross-examination, the witness recanted and averred that the State threatened to revoke his plea agreement if he did not lie under oath to convict Smith. *Brookhart*, 996 F.3d at 408. In both the *Brookhart* and *Casciaro* cases, the convictions were ultimately

reversed. See *Casciaro*, 2015 IL App (2d) 131291, ¶ 116; *Brookhart*, 996 F. 3d at 420. The defendant wrote notes on the case excerpts, indicating that they were examples of "case rigging."

¶ 13    On December 14, 2022, the trial court denied the defendant's petition for leave to file a successive postconviction petition.    The trial court noted that the filing of a successive postconviction petition is only allowed when a defendant establishes cause and prejudice or states a claim of actual innocence.    The trial court found that the defendant had not provided any supporting exhibits to show that the State participated in evidence fabrication, concealment, or manipulation in his case.    Consequently, there was no evidence that the defendant's trial was improper, that he was denied due process, or any evidence that would change the result on retrial. The trial court concluded that the defendant failed to establish the prejudice necessary to warrant a successive postconviction petition and failed to support a claim of actual innocence.

¶ 14    On January 3, 2023, the defendant filed a motion to reconsider the denial of his petition for leave to file a successive postconviction petition.  He later filed a motion to amend and supplement his petition and a petition for leave to file an amended successive postconviction petition.  On February 22, 2023, a hearing was held on the defendant's motion for reconsideration.  The trial court reserved ruling until it could hear argument on the defendant's petition for leave to file an amended successive postconviction petition.  Thereafter, the defendant filed a petition for leave to file a second amended postconviction petition.

¶ 15    On March 15, 2023, at a hearing, the defendant moved to withdraw his petition for leave to file an amended successive postconviction petition and agreed that he was proceeding only on his petition for leave to file a second amended successive postconviction petition. The trial court granted the defendant's motion to withdraw and then heard argument on the defendant's petition for leave to file a second amended successive postconviction petition.  Following the hearing, the

trial court denied the motion to reconsider and the petition for leave to file a second amended successive postconviction petition. The defendant timely appealed from this order.

¶ 16                                    II. ANALYSIS

¶ 17    At the outset, we note that the defendant's *pro se* brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs and is made applicable to criminal cases by Rule 612(b)(9) (eff. July 1, 2017). For example, his statement of facts does not set forth "the facts necessary to an understanding of the case" and contains argument. See Ill. Sup. Ct. R. 341(h)(6). Further, under Rule 341(h)(7) (eff. Oct. 1, 2020), a reviewing court is entitled to have issues clearly defined, with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). In this case, the defendant's argument section is largely incoherent and contains very few citations to the record or relevant authority. The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *People v. Williams*, 2020 IL App (3d) 180024, ¶ 25.

¶ 18    That said, to the extent the defendant challenges the trial court's denial of his petition for leave to file a successive postconviction petition and his petition for leave to file a second amended successive postconviction petition, we have the benefit of the State's brief and will address those issues. To the extent the defendant raises any arguments not addressed in this disposition, such as his argument that the trial court erred in refusing to let him pursue his contempt petition against the county circuit clerk, such arguments are forfeited for failure to provide any coherent argument or any citation to relevant authority. *Obert*, 253 Ill. App. 3d at 682. Finally, we note that, as both the initial and second amended successive postconviction petitions raise substantially identical

claims and attach identical documents in support, our review of the trial court's ruling will implicitly address its denial with respect to both petitions.

¶ 19    The Act allows a criminal defendant to assert that his federal or state constitutional rights were substantially violated in the proceedings leading to his conviction.  725 ILCS 5/122-1(a)(1) (West 2020).  The Act itself, however, contemplates the filing of a single postconviction petition. *People v. Dorsey*, 2021 IL 123010, ¶ 32.  Accordingly, a defendant faces immense procedural hurdles when bringing a successive postconviction petition.  *Id.* ¶ 32.  One of those hurdles is that the defendant must obtain leave of court to file a successive petition.  725 ILCS 5/122-1(f) (West 2020).  To obtain such leave, the defendant must demonstrate either a fundamental miscarriage of justice based on actual innocence or establish cause and prejudice.  *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 32.

¶ 20    To establish a claim of actual innocence, "the supporting evidence must be newly discovered, material and not cumulative, and of such a conclusive character that it would probably change the result on retrial." *People v. Jackson*, 2021 IL 124818, ¶ 27.  Newly discovered evidence is evidence that was discovered after trial and that the petitioner could not have discovered earlier through exercising due diligence.  *Id.* ¶ 42.  Evidence is material and not cumulative if it is relevant and probative of the petitioner's innocence, and it adds to the information heard at trial.  *People v. Robinson*, 2020 IL 123849, ¶ 47.  The most important element of a claim of actual innocence is that the evidence be of a conclusive character, which means that it would probably lead to a different result when considered in conjunction with the trial evidence.  *Id.* ¶ 47.  "Ultimately, the question is whether the evidence supporting the postconviction petition places the trial evidence in a different light and undermines the court's confidence in the judgment of guilt." *Id.* ¶ 48.  We

focus on probability rather than certainty when considering whether the trier of fact would reach a different result. *Id.*

¶ 21    To show cause, the defendant must identify an objective factor that impeded the ability to raise the specific claim during the initial postconviction proceeding.  725 ILCS 5/122-1(f) (West 2020).  To show prejudice, the defendant must demonstrate that the claimed error so infected the trial that the resulting conviction or sentence violated due process.  *Id.*  Leave of court to file a successive petition should be denied when it is clear from a review of the successive petition and its supporting documents that the claims fail as a matter of law or are insufficient to justify further proceedings.  *Dorsey*, 2021 IL 123010, ¶ 33.  We review *de novo* the denial of a petition for leave to file a successive postconviction petition.  *Id.* ¶ 33.

¶ 22    In the present case, the defendant failed to establish a colorable claim of actual innocence and failed to establish that any error infected his trial or violated his right to due process.  First, the evidence presented by the defendant was not newly discovered, as most of it could have been discovered prior to the time the defendant filed his first postconviction petition in 2020.  The trial court noted that the *Casciaro* case, 2015 IL App (2d) 131291, ¶¶ 67-68, which the defendant relied on, was published prior to the defendant's 2020 postconviction petition.  The defendant also cited *Smith v. Brookhart*, 996 F.3d 402, 408 (7th Cir. 2021), as evidence of case rigging but the language cited, wherein a witness testified that he was forced to lie by the State, was originally published in 2013 in *Smith*, 2013 IL App (2d) 120508-U, ¶ 7.  The only relevant exhibit that postdated his first postconviction petition was the article about Combs, one of the assistant state's attorneys that prosecuted the defendant, being dismissed for cause.

¶ 23    Further, even if the defendant's evidence satisfied the newly discovered requirement of successive postconviction petitions, the defendant failed to establish that any of his "new"

evidence was material or of any conclusive character. The defendant did not make any connection between any of the evidence presented in support of his successive petition and the specific facts of his case. While he generally attacked the integrity of the McHenry County state's attorney's office and the integrity of the assistant state's attorney that prosecuted his case, the defendant failed to establish any nexus between the alleged corruption and his trial or conviction. The defendant failed to establish that any witnesses who testified at his trial were lying or that any relevant evidence was fabricated, manipulated, or concealed. Evidence that the assistant state's attorney who prosecuted the defendant's case was later terminated because of misconduct does not establish that there was any misconduct in the defendant's case. Further, evidence that a witness in another case claimed that he lied because the State forced him to lie is not evidence that any of the witnesses in this case were forced to lie. While the defendant cited to *Casciaro* and *Smith* as examples of "case rigging," the convictions in those cases were reversed due to trial court errors or insufficiency of the evidence (*Casciaro*, 2015 IL App (2d) 131291, ¶ 116; *Brookhart*, 996 F. 3d at 420); the convictions were not reversed based on concealment, manipulation, or fabrication of evidence. Upon our review of the record, it is clear that none of the evidence attached in support of the defendant's successive postconviction petition is so conclusive that it would probably lead to a different result on retrial. As such, the defendant's evidence does not support a claim of actual innocence. See *Robinson*, 2020 IL 123849, ¶ 47.

¶ 24    For the same reasons, the defendant's claims do not justify further proceedings because he has not established cause for not raising his claims sooner and did not show prejudice. See *Dorsey*, 2021 IL 123010, ¶ 33. As stated, other than Combs being terminated for misconduct, the evidence cited by the defendant was not newly discovered and his claims could have been raised in his initial postconviction petition. Even assuming, *arguendo*, that the defendant established cause, *i.e.* with

respect to the firing of Combs, the defendant has not established any prejudice. The defendant has not shown that any of the alleged wrongdoing by the State had any effect on his case. He has not established, with respect to the prosecution of his case, that any witnesses lied or that any evidence was fabricated, concealed, or manipulated. To the contrary, the record was replete with proof that the defendant indeed shot at the three deputy sheriffs. Thus, the trial court did not err in denying the defendant's motion to reconsider the denial of his petition for leave to file his successive postconviction petition or in denying the defendant's petition for leave to file his second amended successive postconviction petition.

¶ 25    Finally, while this appeal was pending, the defendant filed a motion entitled "contemporaneous objection to [the] State's withholding and obstruction of evidence as fundamentally unfair." The motion is denied as the defendant has failed to establish that the allegations have any merit.

¶ 26                              III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 28    Affirmed.